IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                             No. CR 07-2145 BB

**GREGORY ROSE a/k/a Gregory Blaine Rose, a/k/a Bill Verdin,**

      **Defendant.**

MEMORANDUM OPINION
AND
ORDER DENYING SPECIFIC DISCOVERY

      **THIS MATTER** is before the Court on Defendant's *Motion for Specific Discovery* [doc. 63]. The Court having considered the submissions of counsel, finds it is largely moot but otherwise it will be Denied.

*Discussion*

      Defendant requests that the Court issue an order directing the United States to produce various records, documents, reports, and agreements. These documents have either been produced or Defendant fails to establish why they are legally subject to production.

I.      **Military Personnel**

      Defendant's first request is for the United States to produce "[a]ll documents or records referred to by Agent Ainsworth relating to the agreements that would allow military personnel to assist in domestic law enforcement as it relates to Greg Rose's case...." (Def.'s Mot. p. 1 ¶ 1). It appears this request is in reference to the July 28, 2006, search of the Kelly's property

in Datil, New Mexico. During the post-arrest search, ATF Special Agent Gary Ainsworth and Deputy U.S. Marshal Todd Kozuszko were accompanied by APD Officer Scott Weimerskich and three Kirtland Air Force Base Explosive Ordinance Disposal technicians. Based on the Court's previous hearing on Defendant's motion to suppress, nothing was discovered during this search. There is no basis for the search. *United States v. Parikh*, 585 F.2d 688 (11th Cir. 1988); *cf. United States v. Pearl*, 324 F.3d 1210, 1215 (10th Cir. 2003) (no constitutional violation because defendant failed to show destroyed evidence was exculpatory).

Moreover, Defendant lacks standing to object to the July 28, 2006, inspection of the Kelly's property because Mrs. Delrae Kelly testified that Gregory Rose's rental did not include the 20 acres surrounding the trailer home and on July 28, 2006. Moreover, Gregory Rose no longer had an expectation of privacy on the Kelly's property since he had been arrested on February 17, 2006. Gregory Rose ceased paying rent on February 17, 2006, and anything that was buried on the property was abandoned by him. *United States v. Phillips*, 382 F.3d 489, 496-97 (5th Cir. 2004); *United States v. Harrison*, 103 F.3d 986, 989 (D.C. Cir. 1997).

II.   FBI Records on VanCleave and Sanchez

Defendant's second request states: "All FBI records or documents establishing any contact between Mark Sanchez and Kim VanCleave and any agent of the FBI, particularly Agents Diane Hernandez and Mike Ford. This request should include all documentation regarding payments made to either Mark Sanchez or Ms. VanCleave that were made in exchange for providing information...." (Def.'s Mot. p. 1 ¶ 2). The Government attached a letter from the FBI to the Assistant United States Attorney representing the FBI has "no record that the FBI received any information from Mark Sanchez or Kim VanCleave

regarding Gregory Rose, a/k/a William Verden or Geoffrey Rose, a/k/a Lee Verden." The FBI further indicates it has no records of the FBI conferring any benefits on Kim VanCleave or her children. Defendant has produced nothing to indicate such representations are inaccurate.

### III.     BCSO Involvement

Defendant also requests "[a]ny and all records of Bernalillo County Sheriff's Office regarding the arrest and investigation of Gregory Rose...." (Def.'s Mot. p. 2 ¶ 4). The Assistant United States Attorney responds that the Bernalillo County Sheriff's Office reports regarding the arrest and investigation of Gregory Rose on February 17, 2006, were provided to Defendant on January 14, 2008, and are discovery numbers 352-361. Once again, Defendant makes no showing that is incorrect.

### IV.     Sanchez Arrest Warrant

Lastly, Defendant requests "[t]he APD report of the felony arrest warrant on Mark Louis Sanchez, arrest date of January 18, 2006 and relating to Metro Case No. CR 135706." Defendant justified this request with the statement, "it is now clear that Mark Sanchez had contact about the Rose brothers prior to their arrest in New Mexico. What was communicated, and where it was communicated by Mr. Sanchez will bear on the reasonableness, or lack of it, of a constitutionally stale arrest warrant as well as potentially what law enforcement directed should be dug up on the property." (Def.'s Mot p. 2). Even if this is all true, it provides no link of relevance or materiality to the arrest warrant for Mr. Sanchez. Defendant is not entitled to such discovery. *Wood v. Bartholomew*, 516 U.S. 1, 8 (1995); *United States v. Nevels*, 490 F.3d 800 (10th Cir. 2007).

**O R D E R**

For the above stated reasons, Defendant's Defendant's *Motion for Specific Discovery* is DENIED.

SO ORDERED this 2$^\text{d}$ day of April, 2008.

                                                    **BRUCE D. BLACK**
                                                    **United States District Judge**